**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,          )
                            )
                            )
                            )
                            )
      v.                    )          ID No. 1508008514
                            )
PIERSON A. WILSON,          )
                            )
                            )
      Defendant.            )
                            )

Date Submitted:  May 31, 2023
Date Decided:  June 27, 2023

## <u>ORDER</u>

Upon consideration of Defendant Pierson Wilson's Letter Motion for Modification of Sentence ("Motion"), the State's Response thereto, Superior Court Criminal Rule 35(b), statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)     On September 18, 2017, Wilson pled guilty to Robbery First Degree and Conspiracy Second Degree.[1]  By Order dated November 17, 2017, effective July 31, 2017, he was sentenced to a total of 8 years of unsuspended Level V time with credit for 283 days previously served.[2]

---

[1] D.I. 23.

[2] D.I. 29.  Wilson's sentence is as follows:  for Robbery First Degree, 25 years at Level V, suspended after 8 years at Level V for 17 years at Level IV DOC Discretion, suspended after 1 year Level IV DOC Discretion for 2 years at Level III; and for Conspiracy Second Degree, 2 years at Level V, suspended for 1 year at Level III.

(2)     On May 8, 2023, Wilson filed the instant Motion,[3] asking the Court to "commute the Level 4 portion of [his] sentence."[4]  In support of his request, Wilson cites an ongoing health issue related to his eyesight.  Specifically, he states that he is "unable to work, job seek, or participate in any programs" due to his health.[5]  He claims that his health is declining, and he is not receiving medical care at the frequency required.[6]

(3)     The State filed its Response to Wilson's Motion on May 31, 2023, indicating that it does not oppose modification.[7]  The State, in communication with the Department of Correction ("DOC"), confirms that Wilson does have significant medical disabilities "including sight, hearing, and mobility[,] all of which are limiting his abilities and create a safety risk for many jobs."[8]  DOC and the State agree that Level IV Home Confinement is unsuitable because Wilson has no family in Delaware.[9]  Should the Court grant his Motion, the State asks that Wilson's sentence be modified to 2 years at Level III.[10]

---

[3] D.I. 33.

[4] *Id.*  Wilson sent a second letter to the Court on May 24, 2023, requesting a modification of his sentence.  D.I. 34.

[5] D.I. 33.

[6] *Id.*

[7] D.I. 35.

[8] *Id.*

[9] *Id.*

[10] *Id.*  The State further indicates that it would not oppose the inclusion of language allowing for the transfer of Wilson's probation to Maryland, should the Court see fit to do so.  *Id.*

(4)     Rule 35(b) governs motions for modification or reduction of sentence.[11] "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[12] The Court "may . . .[however]. . . reduce the . . . term or conditions of partial confinement or probation at any time."[13] Rule 35(b) also mandates that "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[14] "[T]his bar is absolute and flatly 'prohibits repetitive requests for reduction of sentence.'"[15]

(5)     Wilson's Motion is not procedurally barred as untimely or repetitive; therefore, the Court will address it on its merits.[16] Rule 35(b) places the burden of proof on "the movant to establish cause to modify a lawfully imposed sentence."[17] Although Rule 35(b) does not set forth specific criteria which must be met before the Court may grant a Rule 35(b) motion, "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed

[11] Super. Ct. Crim. R. 35(b).
[12] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[13] Super. Ct. Crim. R. 35(b).
[14] *Id.* (emphasis added).
[15] *State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015) (quoting *Thomas v. State,* 2002 WL 31681804, at *1 (Del. Nov. 25, 2002)).
[16] *See* Super. Ct. Crim. R. 35(b); *see, e.g.*, *State v. King*, 2023 WL 2424609, at *1 (Del. Super. Mar. 7, 2023); *see also, e.g.*, *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018)
[17] *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018).

sentence is no longer appropriate."[18]

(6)     The Court finds that Wilson has provided sufficient evidence to support a modification of his sentence.  Given Wilson's deteriorating health and his lack of family support in Delaware, along with the positions of the State and the DOC, the Court finds that the Level IV portion of his sentence is no longer appropriate. Accordingly, the Court finds that the remainder of Wilson's sentence should be reduced to 2 years at Level III, which may be served in Maryland.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Pierson Wilson's Motion for Modification of Sentence is **GRANTED**.


_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge


Original to Prothonotary

cc:     Timothy G. Maguire, DAG
        Pierson Wilson (SBI# 250472)

---

[18] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).